UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D'ARSEY L. BOLTON,

    Petitioner,

v.

SCOTT McEWEN,

    Respondent.

No. 2:13-cv-1970 CKD P

ORDER

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  highest state court with a full and fair opportunity to consider all claims before presenting them to
2  the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d
3  1083, 1086 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition will be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis;

2.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3.  Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

Dated:  November 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bolt1970.103

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).